LAWRENCE V. JONES, Trustee, *vs.* ABRAHAM M. SHIRO, et als.

Penobscot County. Decided October 24, 1917. This is an action of trover brought by a trustee in bankruptcy to recover the value of certain personal property alleged to have been converted by the defendants.

The defendants claim title to the greater part of the property by virtue of a mortgage given to one of them dated November 11, 1914, recorded November 13, 1914, and foreclosed November 6, 1915, and the balance by virtue of a purchase in the same name on November 8, 1915.

The plaintiff attacks these two conveyances on the ground that they were without consideration and therefore void as to creditors. All the testimony introduced by the plaintiff to substantiate his contention came from the mortgagor Ross and the written examination of two of the defendants, one of whom was the mortgagee, taken in the bankruptcy court. They absolutely denied the claim of the plaintiff and testified that both conveyances were for full and bona fide consideration and negatived the charge of fraud in every particular. Supplementing and corroborating their evidence was the testimony of the witnesses offered by the defendants.

The plaintiff however insists that these witnesses for both himself and the defendants lack credence, that their testimony in many respects is inconsistent and improbable, that the transactions were not in accord with the usual custom of business men, and because of this weakness of the defendants' claim they ought not to prevail. The defendants reply that the transactions were reasonable and the testimony true. It is unnecessary to discuss the evidence in detail. There was little outside that of the parties to the transaction.

The presiding Justice directed a verdict for the defendants. Upon plaintiff's exceptions to this ruling it is *Held:*

1.   That fraud is never to be presumed but must be proved.

2.   That the burden rested on the plaintiff to prove the existence of fraud in this case by evidence that is full, clear and convincing.

3.   That while fraud may be inferred from facts and circumstances, the plaintiff's evidence here falls short of the legal requirement.

4.   That by calling the parties to the transactions, the plaintiff made them his own witnesses, and it is not permitted a party to discredit his own witnesses either directly by showing that they are unworthy of credit or indirectly by showing by other witnesses that they have made contradictory statements. The plaintiff has endeavored to establish his case by calling the parties who were known to be hostile and by arguing the improbabilities and inconsistencies of their testimony. This was insufficient.

5.   That taken as a whole and considering all the circumstances, the evidence would not justify a jury in finding a verdict for the plaintiff. Therefore a verdict for the defendants was rightly ordered by the presiding Justice. Exceptions overruled. *Morse & Cook*, for plaintiff. *W. R. Pattangall*, for defendants.